THOMAS G. JARRARD
Law Office of Thomas G. Jarrard, PLLC
1020 N. Washington Street
Spokane, WA  99201
Telephone: 425.239.7290
Email: Tjarrard@att.net

JOHN TYMCZYSZYN
John T Law, PLLC
700 112th Ave NE, Suite 300
Bellevue, WA 98004
Telephone: 425.533.2156
Email: johnt@johntlaw.com

*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| Ian Mickelson, <br><br> Plaintiff, <br><br> v. <br><br> Dick's Sporting Goods, Inc. <br><br> Defendants. | CASE NO.   22-cv-141 <br><br> COMPLAINT FOR VIOLATIONS OF USERRA, WLAD AND DEMAND FOR TRIAL BY JURY <br><br> EXEMPT FROM FILINGFEES UNDER 38 U.S.C. § 4323(h)(1) |

## I.    INTRODUCTION

1.    This civil action is brought pursuant to the Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C. §§ 4301 - 4335 (USERRA), the Washington Law Against Discrimination (WLAD), by a servicemember.

COMPLAINT AND JURY DEMAND - 1

2. The filing of this Complaint is exempt from filing fees under 38 U.S.C. § 4323(h)(1).

3. Plaintiff, Ian Mickelson (hereinafter "Mr. Mickelson" or "Plaintiff"), by the undersigned attorneys, avers as stated herein.

## II.    PARTIES AND JURISDICTION

4. Mr. Mickelson resided in the State of Washington and was an employee of Dick's Sporting Goods, Inc., at all times pertinent hereto.

5. At all times relevant to this lawsuit Mr. Mickelson was a member of the United States Army National Guard.

6. Defendant, Dick's Sporting Goods, Inc., is a Washington corporation that is licensed to conduct business in the State of Washington, pursuant to UBI No. 604 605 517.

7. Dick's Sporting Goods, Inc. maintains a place of business within this District, located at 9620 North Newport Hwy Spokane, WA 99218.

8. For the purposes of 38 U.S.C. §§ 4303(4) and 4323(c)(2) Defendant, Dicks Sporting Goods Inc., is a private employer operating within the State of Washington.

9. All acts complained of occurred within the Eastern District of Washington.

10. The Federal Court for the Eastern District of Washington has personal jurisdiction over the parties and subject matter jurisdiction for the

COMPLAINT AND JURY DEMAND - 2

claims in this complaint pursuant to 38 U.S.C. § 4323(b), 28 U.S.C. § 1331, 28 U.S.C. § 1367(a), and supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

11. Venue is proper in the Eastern District of Washington under 38 U.S.C. § 4323(c) and 28 U.S.C. § 1391(b), because the acts and omissions complained herein occurred in this District, and Defendants' conduct business here.

### III.    FACTS

12. On January 26, 2022, Ian Mickelson was hired by Dicks Sporting Goods, Inc. at their Spokane, WA location.

13. Mr. Mickelson was hired as a "footwear sales lead" for the wage of $17/hour and a 40-hour a week schedule.

14. Mickleson was also a member of the Army National Guard.

15. Mickelson had applied to be an Administrative Assistant at the Union Gap, WA Dick's retail store and was on track to become an assistant store manager.

16. On March 7, 2022, Mickelson e-mailed his drill schedule to the store's Administrative Assistant, Lillian Funk, who assists the store manager.

17. The drill schedule outlined the dates of 10 weekend drills that would occur between March – Sept of 2022.

COMPLAINT AND JURY DEMAND - 3

18. Store management ignored this email and request.

19. Mickelson then used the store workforce application "Kronos" scheduleing software to make the same request.

20. On May 14, 2022, the store manager Kelsey Reid partially denied this request, specifically for the dates of Aug 6 - 7, 2022. The store manager cites "Inventory – Black Out Period."

21. On or about May 14, 2022, the store manager also denied Mickelson's time off for 2-weeks of military training from June 11 - 25, 2022 and stated "you can't just have a 2-week vacation.

22. Mickelson repeatedly told Kelsey Reid and Lillian Funk that this was not a "vacation" and it was "mandatory military training."

23. In May of 2022, Mickelson approached his chain of command in the Army about this issue. He talked to Army fire team leader Kristian Mankiller. Mankiller sent the information up the Army chain of command.

24. On May 16, 2022, Mickelson was forced to sign a "Performance Gameplan Agreement" and was discipled at work for poor performance. Kelsey Reid accuses Mickelson of "missensoring" footwear, an allegation that Mickelson denies.

25. On May, 16 2022, Mickelson again sent another copy of his drill schedule to Lillian Funk.

COMPLAINT AND JURY DEMAND - 4

26. On May 18, 2022 Dick's Human Resources Representative, Sara Zapata, accused Mickelson of making "inappropriate comments" toward female co-workers.

27. Zapata refused to identify the co-workers that accused Mickelson of this conduct and demanded he write a statement apologizing for the conduct. Mickelson wrote a statement denying knowledge of any such conduct.

28. On May 19, 2022, Mickelson called out sick using paid time off.

29. On May 20, 2022, Mickelson's Army squad leader, Sgt. Blake Minor, called Kelsey Reid to inquire why she was denying Mickelson time off for mandatory drilling. Dick's loss prevention manager, D'el Taylor was on the call also and denied they had any idea what Sgt. Minor was talking about.

30. At the end of the phone call, Kelsey Reid called Mr. Mickleson into her office and demanded Mickelson's resignation. Reid stated "you are going to need to resign if you are going to need all this time off for the National Guard…….I am not going to let the National Guard piss all over me."

31. On May 21, 2022, Mickelson sent an email to Lillian Funk that included language about the USERRA and asserted his rights under the USERRA.

COMPLAINT AND JURY DEMAND - 5

32. On May 21 - 22, 2022, Mickelson missed scheduled work due to National Guard training.

33. On May 24 - 27, 2022 Mickelson misses work due to contracting the flu and provides proof of flu to his employer. Mickelson was given a positive flu diagnosis on May 25, 2022.

34. On May 28, 2022, Mickelson receives a call from Kelsey Reid. During the call she terminated Mickelson and states, "I don't care if it's the National Guard or you are pretending to be sick…. you can't work here if you intend to call out this much.

35. Mr. Mickelson suffered harms and losses as a result of Defendants' discrimination.

36. Defendants' actions are the direct and proximate cause of Mr. Mickelson's damages.

37. As a result of Defendants' unlawful conduct in violation of USERRA and the necessity of this action to seek a remedy, Mr. Mickelson fears further retaliation against his employment rights by Defendants or its managers, directors or employees, for example continued attempts to cause her failure at work, to serve as a pretext for the true retaliatory reason of punishing Mr. Mickelson for exercising his USERRA rights.  As such, any employment relationship that Mr. Mickelson may have enjoyed with

COMPLAINT AND JURY DEMAND - 6

Defendants prior to the filing of this action is irreparably damaged through no fault of Mr. Mickelson.

38. Upon information and belief, Defendants are a party to contracts within the State of Washington, which prohibit Defendants from discriminating against veterans and military service members and further evidence of its knowing and reckless disregard for the protections afforded a service member under USERRA.

39. Upon information and belief, Defendants are a party to contracts with the United States, which prohibit Defendants from discriminating against veterans and military service members and further evidence of its knowing and reckless disregard for the protections afforded a service member under USERRA.

40. At all times relevant hereto, Defendants had a duty to conduct themselves in compliance with the law, including USERRA and WLAD and ensure its managers and agents followed the Act.

41. The above-referenced actions by Defendants, and their agents, breached those duties.

42. Upon information and belief, Defendants maintained workplace posters that set out employer responsibilities under USERRA as required by 38 U.S.C. § 4334.

COMPLAINT AND JURY DEMAND - 7

43. Defendants' alleged reasons for denying Mr. Mickelson benefits of employment are a pretext created to avoid the truth and legal liability.

44. At all times relevant to this lawsuit, Defendants were aware of the law of USERRA.

45. Defendants are highly trained professionals, with experience and immediate access to the provisions of USERRA, with the support of a sophisticated Human Resources Department, including immediate access to professional human resources personnel, and specially trained employment counsel.

46. To the extent that Defendants allege application of any agreement that constitutes any limitation on Plaintiff's rights under USERRA, it is illegal, null and void, inapplicable and of no force or effect pursuant to 38 U.S.C. § 4302.

### III.  CAUSES OF ACTION

**(Count One Violation of USERRA 38 U.S.C. § 4311(a))**

47. USERRA, 38 U.S.C. § 4311(a), prohibits an employer from discriminating against any person who is a member of, applies to be a member of, performs, has performed, applies to perform, or has an obligation to perform service in a uniformed service with respect to, among other things, employment, reemployment, retention in employment, promotion, or any benefit of employment by an employer on the basis of that

COMPLAINT AND JURY DEMAND - 8

membership, application for membership, performance of service, application for service, or obligation

48. Defendants discriminated against Mr. Mickelson on account of his military service by terminating Mr. Mickelson's employment because of his absences due to military obligations.

**(Count Two Violation of USERRA, 38 U.S.C. § 4311(b))**

49. USERRA, 38 U.S.C. § 4311(b) provides that an employer may not discriminate in employment against or take any adverse employment action against any person because such person (1) has taken an action to enforce a protection afforded any person under this chapter, (2) has testified or otherwise made a statement in or in connection with any proceeding under this chapter, (3) has assisted or otherwise participated in an investigation under this chapter, or (4) has exercised a right provided for in this chapter.

50. Mr. Mickelson exercised his USERRA rights as set forth above.

51. Defendants retaliated against Mr. Mickelson by terminating his employment because he exercised his rights under USERRA.

**(Count Three Violation of USERRA, 38 U.S.C. §§ 4312, 4313)**

66. USERRA, 38 U.S.C. § 4312 provides that any person whose absence from a position of employment is necessitated by reason of service in the uniformed services shall be entitled to the reemployment rights and

COMPLAINT AND JURY DEMAND - 9

benefits and other employment benefits under USERRA so long as: (1) the person has given advance written or verbal notice of such service to such person's employer; (2) the cumulative length of the absence and of all previous absences from a position of employment with that employer by reason of service in the uniformed services does not exceed five years; (3) the person serves honorably; and (4) the person reports to, or submits an application for reemployment to, such employer in accordance with the provisions of subsection (e).

67. USERRA, 38 U.S.C. § 4313(a)(2)(A) provides that in the case of a person whose period of service in the uniformed for more than 90 days, the employer must promptly reemploy the servicemember (A) in the position of employment in which the person would have been employed if the continuous employment of such person with the employer had not been interrupted by such service, or a position of like seniority, status and pay, the duties of which the person is qualified to perform; or (B) in the position of employment in which the person was employed on the date of the commencement of the service in the uniformed services, or a position of like seniority, status and pay, the duties of which the person is qualified to perform, only if the person is not qualified to perform the duties of a position referred to in subparagraph (A) after reasonable efforts by the employer to qualify the person.

68. Mr. Mickelson provided advanced, verbal and written notice, of his military service, or is excused under USERRA by the relevant circumstances by the requirement that he report for uniformed service in an extremely short period of time.

69. Mr. Mickelson performed his service honorably.

70. Mr. Mickelson timely gave notice of his intent to return to employment after he completed his military service obligations.

71. Defendants refused to promptly or properly reemploy Mr. Mickelson, instead terminating him.

72. By refusing to reemploy Mr. Mickelson promptly following his military service, Defendant violated 38 U.S.C. §§ 4312 and 4313 by, among other things, failing to promptly reemploy Mr. Mickelson either in the position of employment in which he would have been employed if his continuous employment with Defendant had not been interrupted by his military service, or a position of like seniority, status and pay, the duties of which Mr. Mickelson was qualified to perform.

**(Count Four - Violation of RCW §§ 49.60.030 & 49.60.180)**

73. Under the Washington Law Against Discrimination an employer cannot take an adverse action against an employee on, *inter alia,* account of that employee's military/veteran status.

COMPLAINT AND JURY DEMAND - 11

75. Defendants violated Mr. Mickelson's WLAD-guaranteed protection from military related employment discrimination for the reasons stated above.

76. Defendants' violations of the WLAD have caused Mr. Mickelson damage in an amount to be proven at trial.

**(LIQUIDATED DAMAGES – 38 U.S.C. § 4323)**

77. Plaintiff is entitled to liquidated damages under USERRA because the Defendants knew, or showed reckless disregard for whether its conduct was prohibited under USERRA.

## IV.  PRAYER FOR RELIEF

WHEREFORE Mr. Mickelson prays that judgement be entered against Defendants on all claims and requests that this Court award the following relief:

A. Declare that Defendants failed to comply with USERRA, 38 U.S.C. §§ 4311, 4312, 4313 and 4323 and require that Defendants to comply with each of those sections.

B. Require that Defendant compensate Mr. Mickelson for any losses of wages or benefits in the amount to be proven at trial, including back pay, front pay, pre- and post-judgment interest, lost benefits of employment, negative tax consequences of any award, for Defendants' failure to comply with USERRA.

COMPLAINT AND JURY DEMAND - 12

C. For an Order requiring Defendants to pay Mr. Mickelson liquidated damages for their willful violations of USERRA, pursuant to 38 U.S.C. § 4323(d)(B) and 20 C.F.R. § 1002.312(c).

D. For an Order requiring Defendants to include a written statement in Mr. Mickelson's employment file stating Defendant violated Mr. Mickelson's USERRA rights leading to this litigation, and Order that Defendants must disclose that in all future employment inquiries.

E. Enjoin Defendant from taking any future retaliatory action against Plaintiff or other servicemembers who attempt to enforce their rights under USERRA.

F. Pursuant to 38 U.S.C. § 4323(h), and as otherwise provided by law, require Defendant to pay Plaintiff's attorney fees, expert witness fees, litigation expenses and costs to bring this action.

G. For such other and further relief as this Court deems just and equitable.

## VI    JURY TRIAL DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure or any similar rule or law, Plaintiff demands a trial by jury for all causes of action and issues for which trial by jury is available.

COMPLAINT AND JURY DEMAND - 13

Respectfully submitted this June 13, 2022.

*/s John M. Tymczyszyn*
JOHN M. TYMCZYSZYN
John T Law, PLLC
700 112th Ave NE, Suite 300
Bellevue, WA  98004
Telephone: 425.533.2156


*/s Thomas G. Jarrard*
THOMAS G. JARRARD
Law Office of Thomas G. Jarrard, PLLC
1020 N. Washington Street
Spokane, WA  99201
Telephone: 425.239.7290

Attorneys for Plaintiff